IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIVIL DIVISION

ANTHONY MOORE,                    CASE NO.:            12        02583

     Plaintiff,                                         **DIVISION J**

vs.

SHARON CLAYTON,

     Defendant.

_____/

FEB 17 2012
CLERK OF CIRCUIT COURT
HILLSBOROUGH COUNTY, FL

## COMPLAINT

Plaintiff, Anthony Moore, sues Defendant, Sharon Clayton, and alleges:

### GENERAL ALLEGATIONS

1.    The matters that are the subject matter of these proceedings all occurred in Hillsborough County, Florida.

2.    Plaintiff, Anthony Moore, is presently a resident of Turkey.

3.    Defendant, Sharon Clayton, is a resident of California and Florida, and she regularly has done and does business in Florida.

4.    The amount of Plaintiff's claim is in excess of $15,000.00 exclusive of interest, costs and punitive damages.

### GENERAL ALLEGATIONS

5.    Plaintiff realleges and reavers each and every allegation in paragraphs 1 through 4 above.

6.     For approximately the past five (5) years the Defendant used the Plaintiff's Tampa residence located at 18623 Avenue Capri, Lutz, Florida, which residence is in a gated community, as a stopping off point when she travelled to the United States from abroad.

7.     During this five (5) year period, the Defendant would stop off at the Plaintiff's residence on an average of once every three (3) months and would stay for two to three days.  As such, she had some clothing and other personal effects which she kept at the Plaintiff's Tampa residence but she was never given her own key to the Plaintiff's Tampa residence.

8.     The Plaintiff's residence could be accessed through a keyless entry through the garage area only by someone who knew the combination to gain such access.  The combination to the keypad to obtain such access to the Plaintiff's home was changed from time to time and given the infrequency that the Defendant visited the Plaintiff's home she did not have independent knowledge of the combination to gain keyless access to the Plaintiff's home.

9.     Accordingly, upon arriving in Tampa, Florida, the Defendant would call Ms. Amy Smith, who works for Plaintiff and who resides in Tampa, Florida, to ask for the combination so she could gain access the Plaintiff's home.

10.     The keyless combination to the Plaintiff's home would only be provided to Defendant by Ms. Smith if the Plaintiff authorized that the combination be provided to Defendant.  Since the Defendant did not have a key

to the home, she only accessed the home after obtaining the keyless combination from Ms. Smith.

11.     On April 10, 2010, rather than contact Ms. Smith to obtain the keyless combination to Plaintiff's home, as was the past pattern and practice of Plaintiff and Defendant,  the Defendant proceeded to the security gate for this gated community to gain access to the Plaintiff's Tampa residence and was admitted to the gated community.  This access to Plaintiff's residence was done without the knowledge or consent of Plaintiff or Ms. Smith.

12.     Without the knowledge or consent of the Plaintiff, Defendant, after improperly gaining access to Plaintiff's home, removed substantially all of the antiques and furniture owned by the Plaintiff (hereinafter referred to as the "Property") located at the Plaintiff's home without any authority so to do.  Said Property has a value exceeding $800,000.

13.     The Defendant then proceeded to the Plaintiff's Tampa residence and gained access to the Plaintiff's home by forcing open a door to the residence.

14.     Without the knowledge or consent of the Plaintiff, Defendant removed, via a moving van, substantially all of the antiques and furniture (hereinafter referred to as the "Property") owned by the Plaintiff located at the Plaintiff's home without any authority so to do.  Said Property has a value exceeding $800,000.

15.   That Defendant willfully, knowingly and fraudulently gained entry and access to Plaintiff's Tampa residence with the intent to appropriate said Property located therein for her own personal use and gain.

16.   As of April 10, 2010, the date that the matters hereinabove set out occurred, Defendant had no right, title, or interest in any of the Property located in Plaintiff's Tampa residence.

17.   Notwithstanding the fact that Defendant had no right, title or interest in any of the Property located in Plaintiff's Tampa residence, on or about April 10, 2010, Defendant converted to her own use, the Property of Plaintiff that she removed from the home of Plaintiff, is still in possession of and controls Plaintiff's Property.

## COUNT I
### (Fraud in the Inducement)

18.   The Plaintiff realleges and incorporates by reference all of the allegations of paragraphs 1 through 17 of the General Allegations above as though fully set out and set forth herein.

19.   Plaintiff sued the Defendant for her improper acts regarding Plaintiff's property.  A copy of Plaintiff's Complaint is annexed hereto as **Exhibit "A"**.

20.   After discovery took place in the aforesaid lawsuit the parties entered into a Settlement Agreement and Mutual Release, a copy of which is annexed hereto as **Exhibit "B"**.

4

21.     Based on the representations and promises made to Plaintiff as set out in **Exhibit "B"**, Plaintiff voluntarily dismissed with prejudice the lawsuit, see **Exhibit "C"** and thereafter the Court entered an Order of Dismissal, see **Exhibit "C1"**.

22.     The Joint Stipulation for Dismissal with Prejudice, **Exhibit "C"** provides in part "...that same having been amicably settled and that all claims in said proceedings are to be dismissed with prejudice."

23.     As a matter of fact, Sharon Clayton never intended to be bound by and carry out her obligations as set out in **Exhibit "B"** and as a matter of fact has in spite of the Plaintiff's demands (See paragraph 24 hereafter) to carry out the terms and provisions of the settlement, Sharon Clayton has done little or nothing to carry out the terms of **Exhibit "B"** causing losses and damages to Plaintiff.

24.     Plaintiff's demands for Sharon Clayton to perform pursuant to the terms of **Exhibit "B"** are numerous and Defendant has copies of same, accordingly only two demands (Emails from Tony Moore to Sharon Clayton dated January 4, 2012 and June 13, 2011) are attached as **Composite Exhibit "D"**.

25.     The oral representations of Sharon Clayton that are reflected and set out in **Exhibit "B"** were misrepresentations and false statements of material fact made by Sharon Clayton to Plaintiff with the specific and fraudulent intent to induce Plaintiff to settle his claims against Sharon Clayton and dismiss his lawsuit against her.

26.    Plaintiff justifiably relied on the misrepresentations and false statements of Sharon Clayton that are set out in **Exhibit "C"** and signed the Settlement Agreement, **Exhibit "C"**, and thereafter dismissed his lawsuit against Sharon Clayton.    See Joint Stipulation for Dismissal with Prejudice, **Exhibit "C"** and the Order of Dismissal, Composite **Exhibit "C1"**.

27.    As a direct and proximate result of the false representations of Sharon Clayton, Plaintiff has suffered losses, damages and injury, including but not limited to the loss of the use and value of his furnishings improperly and unlawfully removed from his home by Sharon Clayton.

**WHEREFORE**, Plaintiff, ANTHONY MOORE, prays that this Court:

1.    Enter judgment for damages against Defendant, SHARON CLAYTON, including punitive damages, pre and post judgment interest, costs and grant such other relief as is just and proper.   Plaintiff reserves the right to seek punitive damages against Defendant, SHARON CLAYTON, in accord with the provisions of Rule 1.190(f), Florida Rules of Civil Procedure.

2.    Vacate and set aside the Settlement Agreement and Mutual Release, **Exhibit "B"**, the Joint Stipulation for Dismissal with Prejudice dated March 29, 2011 **Exhibit "C"** and the Order of Dismissal dated April 7, 2011 **Exhibit "C1"**.

3.    Grant such other relief as is just.

## COUNT II
## (Conversion)

28.   The Plaintiff realleges and incorporates by reference all of the allegations of paragraphs 1 through 17 of the General Allegations above as though fully set out and set forth herein.

29.   The Defendant has improperly retained the exclusive use and possession of the aforesaid Property of Plaintiff since April 10, 2010, intending to and effectively temporarily and/or permanently depriving Plaintiff of the use of said Property.

30.   At the time and date of the conversion of Plaintiff's Property, the Defendant was well aware that she had no right to said Property, in spite of the aforesaid with the specific intent to deprive Plaintiff of the use and ownership of said Property she removed said Property to her own exclusive use, control and dominion.

31.   As a direct and proximate result of Defendant's conversion of Plaintiff's property Plaintiff has been damaged.

**WHEREFORE,** Plaintiff demands judgment for damages against Plaintiff in the amount of the damages set forth herein, plus pre and post judgment interest for which execution should issue plus the costs of this proceeding.

## COUNT III
## (Civil Theft)

32.   Plaintiff realleges of paragraphs 1 though 31 as though fully set out and set forth herein.

7

33.     As a result of Defendant's actions, Plaintiff has been wrongfully deprived of his Property by Defendant.

34.     All conditions precedent to the filing of this Complaint have either been performed or waived.  A copy of a pre-suit filing demand letter sent to Defendant regarding the return of the wrongfully taken Property is attached hereto as **Exhibit "F"**.

35.     Plaintiff has retained its undersigned attorneys and agreed to pay them a reasonable fee for their services rendered herein which fees are the obligation of the Defendant pursuant to law.

WHEREFORE, Plaintiff prays this Court enter its order in favor of Plaintiff finding Defendant Sharon Clayton committed civil theft, award Plaintiff damages in accordance with said findings, including treble damages as authorized by statute, award Plaintiff his reasonable attorney fees incurred herein, and for such other and additional relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

ARNOLD D. LEVINE & ASSOCIATES, P.A.


By:_____
Arnold D. Levine, Esquire
Florida Bar Number 0046869
505 E. Jackson Street, Suite 200
Post Office Box 3429
Tampa, Florida  33601
813/229-6585

8

813/229-7210 telefax
ALevine@arnoldlevineassoc.com
Attorneys for Plaintiff