THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY MOORE,

    Plaintiff,

vs.                                         CASE NO. 8:12 CV 612-MSS-TBM

SHARON CLAYTON,

    Defendant.
_____/

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant SHARON CLAYTON ("Clayton" or "Defendant") hereby answers the complaint of Plaintiff ANTHONY MOORE ("Moore" or "Plaintiff") as follows:

1. Denied.

2. Admitted.

3. Admitted that Clayton is a resident of California. Otherwise, denied.

4. Admitted.

## GENERAL ALLEGATIONS

5. Defendant hereby realleges its responses to paragraphs 1 through 4 above.

6. Denied.

7. Denied.

8. Denied.

9. Admitted that Defendant sometimes contacted Ms. Smith for this purpose. Otherwise, denied.

10. Denied.

11. Denied.

12. Admitted that the property in question had a value that was likely over $800,000. Otherwise, denied.

13. Denied.

14. Admitted that the property in question had a value that was likely over $800,000. Otherwise, denied.

15. Denied.

16. Denied.

17. Denied.

## COUNT I
### (Fraud in the Inducement)

18. Defendant hereby realleges its responses to paragraphs 1 through 17 above.

19. Admitted only that Plaintiff initiated a lawsuit involving similar allegations, as shown in Ex. A.

20. Admitted only that the parties entered into the Settlement Agreement and Mutual Release, as shown in Ex. B.

21. Admitted only that the parties dismissed the prior lawsuit with prejudice, as shown in Exs. C and C1.

22. Admitted.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

## COUNT II
### (Conversion)

28. Defendant hereby realleges its responses to paragraphs 1 through 17 above.

29. Denied.

30. Denied.

31. Denied.

## COUNT III
### (Civil Theft)

32. Defendant hereby realleges its responses to paragraphs 1 through 31 above.

33. Denied.

34. Denied.

35. Denied.

## AFFIRMATIVE DEFENSES

Further, Defendant asserts the following affirmative defenses:

1. Plaintiff fails to state a proper cause of action for fraud in the inducement.

2. Plaintiff's Counts II and III for conversion and civil theft must fail because Plaintiff never demanded the return of the subject property or averred the futility of such a demand.

3. Plaintiff's Counts II and III for conversion and civil theft must fail because at all relevant times Plaintiff consented to Defendant's custody of the subject property.

4. Plaintiff has failed to satisfy its statutory obligations for bringing a claim for civil theft under Florida law.

5. Plaintiff waived any right to bring the instant counts by entering into the Settlement Agreement with Defendant.

6. Plaintiff is estopped from bringing the instant counts due to the Settlement Agreement and Mutual Release with Defendant and Plaintiff's failure to perform thereunder.

7. Plaintiff is barred from bringing the instant counts due to accord and satisfaction resulting from the Settlement Agreement and Mutual Release.

8. Plaintiff's counts are barred under the doctrine of unclean hands as Plaintiff has not upheld its obligations under the Settlement Agreement and Mutual Release.

9. Plaintiff has no ability to recover attorney's fees in this action because Plaintiff has failed to state a proper cause of action under any statute in which attorney's fees could be permitted and Plaintiff has no right to seek attorney's fees pursuant to any contract.

WHEREFORE, Defendant Clayton respectfully requests that judgment be entered in Defendant's favor, that Plaintiff take nothing under its Complaint, that Plaintiff's causes of action be dismissed with prejudice and that Defendant be awarded its costs and other additional relief the Court finds proper.

## **DEMAND FOR JURY TRIAL**

Clayton hereby demands trial by jury for all issues so triable.

# COUNTERCLAIM

Defendant Clayton sues Plaintiff Moore and alleges as follows:

## The Parties

1. Clayton is an individual whose permanent residence is in California.

2. Moore is a foreign national whose permanent residence is in Turkey.

## Jurisdiction and Venue

3. The Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1332 and 1367.

4. Venue is proper pursuant to 28 U.S.C. §1391(d) and under the terms of the parties' Settlement Agreement and Mutual Release (hereafter the "Settlement Agreement"), a true and correct copy of which is attached hereto as Exhibit A.

## General Allegations

5. Clayton and Moore were previously adverse parties in litigation in the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida titled <u>Moore v. Clayton</u>, Case No. 10-CA-013485 Div. B (the "Florida Litigation") and in the High Court of Justice, Queen's Bench Division, in London, England titled <u>Moore v. Clayton</u>, Claim No. HO10X02438 (the "London Litigation").

6. Clayton and Moore settled both the Florida Litigation and the London Litigation through the Settlement Agreement attached hereto as Ex. A.

7. The Agreement constitutes a valid and binding contract between Clayton and Moore.

## COUNT I
### (Breach of Contract – The Tampa Jewelry)

8. The allegations in paragraphs 5-7 are hereby incorporated and restated herein.

9. One of the issues in the Florida Litigation was the theft of jewelry and other items belonging to Clayton (the "Tampa Jewelry") from a safe at a residence Clayton and Moore had both utilized at 18623 Avenue Capri, Lutz, Florida. This theft occurred sometime between January 1 and April 9, 2010.

10. Pursuant to Paragraph 8 of the Settlement Agreement, Moore "sw[o]r[e] under oath under penalty of perjury that he …: (1) did not take or otherwise orchestrate the removal of the Tampa Jewelry from the safe; (2) has no and has never had any knowledge regarding any circumstances regarding the removal of the Tampa Jewelry from the safe between January 1, 2010 and April 9, 2010; and (3) has no and has never had any knowledge regarding the location of any of the Tampa Jewelry at any time after the date of its claimed removal from the safe between January 1, 2010 and April 9, 2010."

11. Moore's representations pursuant to Paragraph 8 were knowingly false.

12. Soon after Clayton and Moore executed the Settlement Agreement Moore invited Clayton and a mutual friend to join him for a drink at The View at CK's restaurant at the Tampa International Airport. Clayton and the friend accepted the invitation and the three got together for a drink at The View at CK's.

13. During this meeting, Moore gave Clayton a bag containing jewelry. Inside the bag were certain pieces of the Tampa Jewelry belonging to Clayton that had been stolen from the safe. Moore advised Clayton not to ask him any questions about how Moore was able to provide this jewelry to Clayton.

14. During this same meeting, Clayton asked Moore to return to her Clayton's grandmother's engagement ring, which was also part of the Tampa Jewelry that had been stolen from the safe. Moore indicated that he would get the ring back to Clayton.

15. Later, in the following weeks, when Moore failed to return the engagement ring, further requests were made to Moore to return the engagement ring. On numerous occasions, Moore represented that he would get the ring back to Clayton.

16. Thus, at the very least, Moore had knowledge during the relevant time period of the location of at least some of the Tampa Jewelry and/or had knowledge regarding its removal. His representation and warranty to the contrary were false.

17. Pursuant to Paragraph 8 of the Settlement Agreement, due to his false representation and warranty regarding the Tampa Jewelry, Moore is obligated to transfer to Clayton "all of the Tampa Jewelry and/or at [Clayton's] election [is] liable to Clayton for the full value of the Tampa Jewelry not transferred."

18. The value of the Tampa jewelry is way in excess of $75,000.

WHEREFORE, demand is hereby made that judgment be entered in favor of Clayton and that Moore transfer all of the Tampa Jewelry to Clayton and/or be liable for the value of all Tampa Jewelry not transferred. Defendant further requests that she be awarded costs and other additional relief the Court finds proper.

### COUNT II
### (Breach of Contract – Performance Expenses)

19. The allegations in paragraphs 5-7 are hereby incorporated and restated herein.

20. Pursuant to the Settlement Agreement, Clayton and Moore were to share expenses relating to the valuation, shipping, preparation for auction and auction of personal property.

21. Clayton has repeatedly advanced money for these expenses, including but not limited to, expenses relating to the storage, shipping, valuation and preparation for auction of the personal property.

22. To date these total of these advanced costs exceed $50,000.

23. Despite numerous requests to Moore, and despite his obligations under the Agreement, Moore has refused to contribute any money toward these expenses. In fact, Moore has flat-out informed Clayton that she would never get any money from him for these expenses.

WHEREFORE, demand is hereby made that judgment be entered in favor of Clayton and that Moore pay his share of all expenses incurred under the Agreement. Defendant further requests that she be awarded costs and other additional relief the Court finds proper.

## **DEMAND FOR JURY TRIAL**

Clayton hereby demands trial by jury for all issues so triable.

/s/ Joseph J. Weissman _____
Joseph J. Weissman
JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP
FBN 0041424
403 E. Madison Street, 4th Floor
Tampa, FL  33602
813/225-2500
813/223-7118 (fax)
josephw@jpfirm.com
*Attorneys for Defendant/Counter-Plaintiff Clayton*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 28th day of March, 2012, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of filing to the following counsel: Arnold D. Levine, Esquire, P.O. Box 3429, Tampa, Florida 33601.

/s/ Joseph J. Weissman
Joseph J. Weissman
JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP
FBN 0041424
403 E. Madison Street, 4th Floor
Tampa, FL  33602
813/225-2500
813/223-7118 (fax)
josephw@jpfirm.com
*Attorneys for Defendant/Counter-Plaintiff Clayton*

149571